[See Case No. 13,309.]

## Case No. 13,309.

### STARKWEATHER v. CLEVELAND INS. CO.

[4 Chi. Leg. News, 175; 15 Int. Rev. Rec. 59.]

Circuit Court, W. D. Ohio. Jan., 1872.

INSURANCE — BANKRUPTCY OF PARTY INSURED — RIGHT OF ASSIGNEE TO RECOVER FOR LOSS.

[Appeal from the district court of the United States for the Northern district of Ohio.]

This was a case where a policy of insurance had been issued by the defendant to the bankrupt several months before any proceedings in bankruptcy. Proceedings in bankruptcy were commenced, the insured was declared a bankrupt, and all his property transferred to and vested in said assignee, the property covered by said policy included. Some months after the transfer of the property to the assignee in bankruptcy, the building insured was destroyed by fire. Suit brought for amount of policy.

[See Case No. 13,308.]

Griswold & Buckingham, for assignee.

Willey, Cary & Terrell, for insurance company.

EMMONS, Circuit Judge, held: That at common law the termination of all interest of the insured in the property, defeated the policy; and that the transfer to the assignee in bankruptcy terminated all interest of the bankrupt in the property insured. That a transfer to an assignee in bankruptcy was within the terms of that provision of the policy which declared that the policy should be void in case of any change or transfer of the title to the property insured. That the fact that the bankruptcy was involuntary was immaterial, as was also the fact that the transfer was made by operation of law.

Judge EMMONS went into an elaborate analysis and review of all the English and American authorities bearing upon this and analogous questions.

Policy held void for the above reasons, and case remanded for further proceedings.

In pronouncing the opinion in this case, Judge EMMONS discussed the effect of the recent decision of the supreme court in reference to summary proceedings in bankruptcy, in cases properly cognizable in law or equity, according to their respective forms of procedure; concluding to remand such cases to the district court for re-formation of the pleadings, advising that the greatest liberality should be allowed in relation to amendments, especially where hearings had been had upon the merits, without objection as to form.